1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LUIS PEREZ,          )  | Case No.: CV 12-00100 PSG |
|---|---|
| Plaintiff,       )  | **ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS** |
| v.              )  | |
| L.E. WEAVER,         )  | **(Re: Docket No. 2)** |
| Defendant.       )  | |

Pending before the court is Plaintiff Luis Perez's ("Perez") Application to Proceed *In Forma Pauperis* ("IFP").[1]  Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a district judge[2] with the recommendation that the IFP be denied and the case dismissed for lack of subject matter jurisdiction.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court is ordering reassignment to a district judge because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 548-59 (9th Cir. 1988).

1

Case No.: CV 12-00100 PSG
ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND CASE

Granting or refusing permission to proceed *in forma pauperis* is a matter within the sound discretion of the trial court.[3] It is the court's duty to examine any IFP application "to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."[4] Moreover, a federal court must dismiss a case such as this if the court determines that the case is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[5]

Here, Perez alleges that Defendant L.E. Weaver ("Weaver") unlawfully evicted him from the residential real property located at 305 Northridge Drive, Scotts Valley, California 95066.[6] Perez claims that Weaver acquired the property through a foreclosure sale.[7] Furthermore, Perez, as a preexisting tenant, alleges that Weaver unlawfully gave less than 90 days of notice to vacate.[8]

On September 13, 2011, Weaver filed a complaint for unlawful detainer in the Superior Court of California, County of Santa Clara. On January 5, 2012, Perez filed the instant action in federal court.

For authority, Perez points to the Protecting Tenants at Foreclosure Act ("PTFA") which provides certain protections to tenants who reside in foreclosed property, including, where applicable, the right to continue living in the premises for the duration of their lease and the right to a 90-day eviction notice.[9] The PTFA states that:

> [I]n the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–

---

[3] *See Shobe v. People of State of California*, 362 F.2d 545, 545 (9th Cir. 1966).

[4] *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

[5] *See* 28 U.S.C. § 1915(e)(2).

[6] *See* Compl.

[7] *Id.* at 3

[8] *Id.* at 4.

[9] Pub. L. No. 111-22, 123 Stat. 1632, 1660 (2009).

2
Case No.: CV 12-00100 PSG
ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND CASE

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of each notice of foreclosure –
(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease.[10]

In *Cort v. Ash,* the Supreme Court set forth a four-factor test for evaluating whether a federal statute creates a right of action that may be enforced by private parties in federal court.[11] Those factors are (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the "cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law."[12] Since *Cort,* the Supreme Court has effectively condensed the *Cort* analysis into a single factor – whether Congress expressly or by implication intended to create a private cause of action.[13]

On its face, the PTFA does not expressly state any private right of action. The legislative history further emphasizes that the PTFA was intended to allow tenants who are victims of the foreclosure crisis a protection that can be used in the state courts to combat unlawful evictions.[14] Based on this omission of any express private right, and the legislative history confirming that the statute's protections apply in response to state court evictions, the court must conclude a private

---

[10] *Id.*

[11] 422 U.S. 66, 78 (1975).

[12] *See id.*

[13] *See Transamerica Mortgage Advisors, Inc. v, Lewis,* 444 U.S. 11, 15-16 (1979).

[14] *See* 155 CONG. REC. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). *See, e.g., See Bank of Am., N.A. v. Owens*, 2010 N.Y. Misc. LEXIS 954 (N.Y. Sup. Ct. May 4, 2010).

3
Case No.: CV 12-00100 PSG
ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND CASE

right of action does not exist under the PTFA. Other courts have similarly held that the PTFA does not provide for a private right of action.[15]

**IT IS SO ORDERED.**

Dated: Hgdtwct{"4:."4234

PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See, e.g., Gullatt v. Aurora Loan Services, LLC*, No. 1:10-CV-01109, 2010 WL 4070379, at *4-6 (E.D. Cal. Oct. 18, 2010); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010); *Logan v. U.S. Bank Nat. Ass'n*, No. CV09-08950 MMM (PLAx), 2010 WL 1444878, at *7-10 (C.D. Cal. Apr. 12, 2010).